**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**



**CIVIL MINUTES - GENERAL**

Case No. SACV 11-0170-DOC; SA CR 06-0143 DOC         Date: August 15, 2011

Title: UNITED STATES OF AMERICA V. CLIFFORD MICHAEL OLIVER

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

|  Julie Barrera  | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                              NONE PRESENT

PROCEEDING (IN CHAMBERS): DENYING IN PART DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT FEDERAL SENTENCE; ORDERING FURTHER DISCOVERY AND FINDING LIMITED WAIVER OF ATTORNEY-CLIENT PRIVILEGE

Petitioner Clifford Michael Oliver ("Petitioner") has filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 ("Petition"). On March 25, 2011, Respondent United States of America ("Respondent") filed an Opposition to the Petition. Petitioner filed a Response to the Opposition on April 26, 2011. After considering these submissions, the Court DENIES IN PART the Petition and orders further discovery on the remaining issue, finding that a limited waiver of the attorney-client privilege has occurred.

**I.     BACKGROUND**

Petitioner pled guilty to one count of violating 21 U.S.C. § 841(a)(1), for possessing more than thirty kilograms of phencyclidine ("PCP") with the intent to distribute the substance. After sentencing, Petitioner appealed his conviction to the Ninth Circuit on the ground that the Court erred in denying his motion to suppress evidence. The Ninth Circuit affirmed the Court's ruling.

On January 28, 2011, Petitioner filed the present motion to vacate, set, aside, or correct federal sentence based on allegations (1) that his conviction arose as a result of violations of the Fourth Amendment; (2) that the Court allowed for violations of Fed. R. Crim. P. 6(c), as well as (3) violations

of Fed. R. Crim. P. 41(a)(2); (4) that he received ineffective assistance of counsel; and (5) that his due process rights were violated when the Court made internal notes correcting an officer's affidavit after the officer testified.

## II.  LEGAL STANDARD

28 U.S.C. § 2255 permits federal prisoners to file motions to vacate, set aside, or correct a sentence on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Where the petitioner does not allege lack of jurisdiction or constitutional error, relief under section 2255 is inappropriate unless the alleged error resulted in a "complete miscarriage of justice or in a proceeding inconsistent with the rudimentary demands of fair procedure." *Hamilton v. United States*, 67 F.3d 761, 763-64 (9th Cir. 1995). "[R]elief is not available merely because of error that may have justified reversal on direct appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982); *United States v. Addonizio*, 442 U.S. 178, 184 (1979).

## III.  DISCUSSION

### A.  Fourth Amendment Claim

Petitioner's first grounds for relief asserts a violation of the Fourth Amendment of the United States Constitution. Petitioner claims that his Fourth Amendment rights were violated because the search warrants that led to his arrest were defective in that they listed the wrong apartment number and failed to list a storage locker number. Arguments challenging the search warrants have been advanced – and rejected – twice before, both by the instant Court in denying the Motion to Suppress filed in Petitioner's criminal case (Docket 51 in CR 08-143), and by the Ninth Circuit in denying Petitioner's appeal (Docket 98 in CR 06-143).

Petitioner is barred from raising this issue in a § 2255 motion because he has already received a "full and fair opportunity to litigate it on direct appeal." *United States v. Hayes*, 231 F. 3d 1132, 1139 (9th Cir. 2000) (citing *United States v. Redd*, 759 F. 2d 699, 701 (9th Cir. 1985)). There have been no changes, in legal understanding or otherwise, to make Petitioner's claim more viable now than it was at the time of review. To the extent that Petitioner advances new theories in support of his fourth amendment claim that were not considered on direct review, the Court notes that issues not raised on direct review can be raised in a habeas petition only when a Petitioner can demonstrate cause and resulting prejudice or actual innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998). Petitioner has made no such showing here.

The Petition is DENIED to the extent that it relies on arguments concerning the legality of the searches conducted of Petitioner's car, locker and apartment.

      **B.**    **Rule 6(c) Violation**

Next, Petitioner asks the Court to set aside his conviction on the grounds that his rights under Fed. R. Crim. P. 6(c) were violated, because the indictment used to charge him allegedly was not signed by the grand jury foreman. In its Opposition, Respondent contends that the indictment was, in fact, signed, and attaches a signed copy of the indictment to the Opposition. Exh. 3 to Respondent's Opp.. In his Response, Petitioner attaches an unsigned version of the indictment and avers that this unsigned copy was the only one provided to him at trial. Exh. C to Petitioner's Response. This factual dispute is immaterial. Even if Petitioner was provided with only an unsigned grand jury indictment, he cannot show a due process violation because "the absence of the foreman's signature is a mere technical irregularity that is not necessarily fatal to the indictment." *Hobby v. United States*, 468 U.S. 339, 345 (1984)).

Accordingly, the Petition is DENIED to the extent that it relies on the grand jury foreperson's alleged failure to sign the indictment.

      **C.**    **Rule 41(a) Violation**

Petitioner further submits that the prosecution committed a violation of Fed. R. Crim. P. 41(a) because the search warrant used to gather evidence against him was issued by a state court, as opposed to a federal court. This argument gains no traction. Fed. R. Crim. P. 41(b) provides that "a magistrate judge with authority in the district – or if none is reasonably available, a judge of a state court of record in the district – has authority to issue a warrant to search for and seize a person or property located within the district." Defendant offers no authority stating that a state search warrant cannot underlie a federal prosecution, a daily circumstance in federal courts.

The Petition is thus DENIED to the extent that it relies on an alleged violation of Fed. R. Civ. P. 41(a).

      **D.**    **Ineffective Assistance of Counsel**

Petitioner next requests relief on the grounds that his criminal defense attorney provided ineffective assistance of counsel in violation of the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668 (1984) governs claims for ineffective assistance of counsel. In *Strickland*, the Supreme Court articulated a two-part test to gauge whether an attorney's efforts fell below the minimum level of adequacy guaranteed by the Sixth Amendment. Specifically, the petitioner must show (1) that his counsel's actions were "objectively unreasonable" and (2) that the petitioner suffered prejudice as a result. *Id.*

Petitioner claims that he received ineffective assistance of counsel in three ways. First, Petitioner argues that his counsel did not address his illegal search allegation. Second, he argues that

his counsel failed to address the alleged Rule 6(c) violation that he raises in the instant Petition. Finally, Petitioner claims that his counsel failed to give him notice of a potential "career offender status" enhancement under the Federal Sentencing Guidelines.

### 1. Sufficiency of Counsel's Illegal Search Representation

Petitioner's contention that his counsel failed to challenge the allegedly illegal search of his belongings is without merit. His counsel raised this issue in a motion to suppress in front of the instant Court as well as on appeal to the Ninth Circuit.

### 2. Failure to Challenge Rule 6(c) Violation

Petitioner also claims that his attorney provided constitutionally defective assistance by failing to challenge the fact that the indictment allegedly was not signed by the grand jury foreperson. For the reasons explained above, this argument lacks merit.

### 3. Career Offender Status

In his final ineffective assistance of counsel claim, Petitioner avers that his counsel failed to discuss with him the implications of his "career offender status" under the Federal Sentencing Guidelines. In certain circumstances, an attorney's failure to discuss the ramifications of "career offender status" with a client can result in a finding of ineffective assistance of counsel. *See U.S. v. Day*, 969 F.2d 39, 42 (3d Cir. 1992). In order to determine whether ineffective assistance was provided in this case, a further factual inquiry is required.

Of course, the necessary factual inquiry requires discovery into material protected by the attorney-client privilege. The Court finds that, by putting counsel's statements at issue, Petitioner has waived the attorney-client privilege that protects these statements. This waiver, however, is limited: it extends only to communications that bear on the question of whether Petitioner's counsel failed to discuss the implications of "career offender status" with Petitioner before Petitioner pled guilty. The procedures governing disclosure of this information must comply with the Ninth Circuit's decision in *Bittaker v. Woodford*, 331 F.3d 715 (9th Cir. 2003) as well as all other standards governing the limited disclosure of attorney-client privileged information. Respondent is ORDERED to submit a filing setting forth proposed procedures for implementing the waiver and a proposed briefing schedule for further addressing Petitioner's ineffective assistance claim. This filing shall be due no later than September 6, 2011.

### E. Claims Involving Detective Lyga's Affidavit

Finally, Petitioner contends that the Court committed a due process violation "when the Judge corrected Detective Lyga's sworn declaration, which was signed by Detective Lyga under oath."

Motion, 3. Petitioner refers to an incident where, after Detective Lyga testified that there was a mistake in his affidavit, the Court made a handwritten notation on the Court's copy of the affidavit.

No due process violation occurred because the Court simply made its own notes about what a witness said. The Court made no finding, entered no order, and the affidavit was not changed. It does not contravene due process for a Court to make its own internal notes.

The Petition is therefore DENIED to the extent that it relies on claims relating to the Court's notes regarding Det. Lyga's testimony.

### IV.     DISPOSITION

For the foregoing reasons, Petitioner's habeas corpus motion is DENIED in part. Resolution of Petitioner's remaining claim for ineffective assistance of counsel requires further inquiry. The Court finds that a limited waiver of the attorney-client privilege, in line with the limitations discussed above, has occurred and ORDERS Respondent to submit a filing setting forth proposed procedures for implementing the waiver and a proposed briefing schedule for further addressing Petitioner's ineffective assistance claim. This filing shall be due no later than September 6, 2011.

The Clerk shall serve this minute order on all parties to the action.