# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

JS-6
O

## CIVIL MINUTES – GENERAL

Case No. SACV 11-0170 DOC                       Date: July 31, 2012
         SACR 06-0143 DOC

Title: CLIFFORD MICHAEL OLIVER V. UNITED STATES OF AMERICA

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | N/A |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                      None Present

**PROCEEDINGS: (IN CHAMBERS): ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

     Before the Court is *pro se* Petitioner Clifford Michael Oliver's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (the "Motion"). Mot. (Dkt. 1). The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15. After considering the moving, opposing, and replying papers, and for the reasons stated below, the Court hereby DENIES the Motion.

**I.    Background**

     Petitioner Clifford Michael Oliver ("Petitioner") pled guilty to one count of violating 21 U.S.C. § 841(a)(1) for possessing more than thirty kilograms of phencyclidine ("PCP") with the intent to distribute the substance. No. 06-143 DOC (Dkt. 58). After sentencing, Petitioner appealed his conviction to the Ninth Circuit on the ground that the Court erred in denying his motion to suppress evidence. No. 06-143 DOC (Dkt. 74). The Ninth Circuit affirmed the Court's ruling. No. 06-143 DOC (Dkt. 98).

     On January 28, 2011, Petitioner filed the present motion to vacate, set aside, or correct federal sentence based on a number of allegations: (1) that his conviction arose as a result of violations of the Fourth Amendment; (2) that the Court permitted violations of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-170 DOC                                     Date: July 25, 2012
           SACR 06-143 DOC                                              Page 2

Fed. R. Crim. P. 6(c), as well as (3) violations of Fed. R. Crim. P. 41(a)(2); (4) that he received ineffective assistance of counsel; and (5) that his due process rights were violated when the Court made internal notes correcting an officer's affidavit after the officer testified. Mot. (Dkt. 1)

The Court issued an order on August 15, 2011, in which the Court denied Petitioner's Motion except to the extent that his claim for ineffective assistance of counsel required further inquiry. Order (Dkt. 4) at 5. Petitioner avers in his Motion that he received ineffective assistance of counsel because his counsel failed to discuss with him the implications of his "career offender status" under the Federal Sentencing Guidelines. Mot. (Dkt. 1) at 14. The Court ruled that resolution of this claim would require limited disclosure of attorney-client privileged information. Order (Dkt. 4) at 4. To that end, the Court found a limited waiver of the attorney-client privilege and ordered Respondent United States of America ("Respondent") to set forth proposed procedures for implementing the waiver. *Id*.

On September 27, 2011, the Court approved the Respondent's *ex parte* application regarding implementation of the waiver and ordered the United States Attorney's Office for the Central District of California to propound to Petitioner's defense counsel, Mr. Tahmazian, "interrogatories related to [Petitioner]'s claim that Mr. Tahmazian provided ineffective assistance of counsel with respect to the issue of whether [Petitioner] was advised of the possible impact on his sentence of the career offender provisions of the United States Sentencing Guidelines." Order (Dkt. 6) at 2.

On November 8, 2011, Respondent filed a second opposition to Petitioner's ineffective assistance claim based on Mr. Tahmazian's interrogatory responses. No. 06-143 DOC (Dkt. 128). In his response to the interrogatories, Mr. Tahmazian stated that not only did he discuss with Petitioner "how his two prior convictions for controlled substances would inevitably result in his being categorized as a career offender," but also that prior to retaining Mr. Tahmazian, Petitioner himself "was well aware of the partial pre-plea report . . . and its contents and how his status as a career offender would increase his criminal history category to level VI." Opp'n Ex. 1 ("Tahmazian Resp.") No. 06-143 DOC (Dkt. 128).

**II.     Legal Standard**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-170 DOC                                         Date: July 25, 2012
        SACR 06-143 DOC                                                Page 3

---

      A motion to vacate, set aside, or correct sentence of a person in federal custody pursuant to 28 U.S.C. § 2255 entitles a prisoner to relief "[i]f the court finds that . . . there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b). If the motion combined with the files and records of the case conclusively show that the prisoner is not entitled to relief, no evidentiary hearing on the issues is warranted. *See id.*

      The standard of review of § 2255 petitions is "stringent" and the court "presumes earlier proceedings were correct." *United States v. Nelson*, 177 F. Supp.2d 1181, 1187 (D. Kan. 2001) (citation omitted). In a successful § 2255 motion, the "defendant must show a defect in the proceedings which resulted in a 'complete miscarriage of justice.'" *Id.* (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)). It is important to note that "relief is not available merely because of error that may have justified reversal on direct appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982); *United States v. Addonizio*, 442 U.S. 178, 184 (1979).

      The standard for evaluating a Sixth Amendment ineffective assistance of counsel claim is set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Counsel's performance is constitutionally deficient when it "so undermine[s] the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686. A defendant claiming ineffective assistance of counsel bears the burden of demonstrating that, under all the circumstances of his case: (1) "his counsel's performance was so deficient that it fell below an objective standard of reasonableness;" and (2) his counsel's deficient performance prejudiced him, meaning "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Hensley v. Crist*, 67 F.3d 181, 184-85 (9th Cir. 1995) (citations omitted). An after-the-fact examination of counsel's performance "is highly deferential and there is a strong presumption that counsel's conduct fell within the wide range of reasonable representation." *United States v. Ferreira-Alameda*, 815 F.3d 1251, 1253 (9th Cir. 1987).

### III.   Discussion

      Petitioner's sole surviving claim in his habeas petition is based on his argument that he received ineffective assistance of counsel because he was not given advice by his counsel regarding a potential "career offender status" enhancement under the Federal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-170 DOC                                      Date: July 25, 2012
       SACR 06-143 DOC                                      Page 4

---

Sentencing Guidelines. Mot. (Dkt. 1) at 14. The Court finds, however, that Mr. Tahmazian, Petitioner's defense counsel, did adequately inform Petitioner about the potential "career offender status" enhancement, and that therefore, Plaintiff did not receive ineffective assistance of counsel.

     The Supreme Court has clearly held that a criminal defendant has the right to make a voluntary and intelligent choice regarding the entering of a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 56, 106 S.Ct. 366, 369 (1985). "In *McMann v. Richardson*, the seminal decision on ineffectiveness of counsel in plea situations, the Court described the question as not whether "counsel's advice [was] right or wrong, but . . . whether that advice was within the range of competence demanded of attorneys in criminal cases." *Turner v. Calderon*, 281 F.3d 851, 880 (9th Cir. 2002) (citing *McMann v. Richardson*, 397 U.S. 759, 771, 90 S.Ct. 1441, 1449 (1970)). The Ninth Circuit held that in order to establish an ineffective assistance of counsel claim, a defendant that pleads guilty is required to demonstrate that "the advice . . . he received was so incorrect and so insufficient that it undermined his ability to make an intelligent decision about whether to accept the [plea] offer." *Id*. (quoting *United States v. Day*, 969 F.2d 39, 43 (3d Cir. 1992)).

     The Third Circuit has held that counsel may be ineffective where trial counsel fails to inform a defendant that he or she will be classified as a career offender for sentencing purposes. *See Day*, 969 F.2d at 43-44. In *Day*, the court found that the defendant was "seriously misled about his sentence exposure" when "his trial counsel failed to explain that Day might be classified as a career offender." *Id*. at 42-44. The Third Circuit cited the increasing importance of the Federal Sentencing Guidelines in holding that "familiarity with the structure and basic content of the Guidelines (including the definition and implications of career offender status) has become a necessity for counsel who seek to give effective representation." *Id*. at 43.

     Though Petitioner alleges that he was not informed about a potential "career offender status" enhancement, in light of the interrogatory responses submitted by Petitioner's counsel, the Court finds that Petitioner was adequately informed, such that he was capable of making a voluntary and intelligent choice regarding his guilty plea. In responses to interrogatories concerning Petitioner's "career offender status," Mr. Tahmazian states that not only did he discuss with Petitioner "how his two prior convictions for controlled substances would inevitably result in his being categorized as a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-170 DOC                                        Date: July 25, 2012
        SACR 06-143 DOC                                              Page 5

career offender," but also that prior to retaining Mr. Tahmazian, Petitioner himself "was well aware of the partial pre-plea report . . . and its contents and how his status as a career offender would increase his criminal history category to level VI." Tahmazian Resp., No. 06-143 DOC (Dkt. 128). This uncontroverted evidence demonstrates that Petitioner was adequately advised about his "career offender status" such that he did not receive inadequate assistance of counsel. *See United States v. Bowen*, 441 Fed. Appx. 48, 49 (2d Cir. 2011) (affirming district court's finding, based on trial counsel's affidavit, that defendant had been adequately advised of consequences of guilty plea). Petitioner provides no argument to contest the responses given by his trial counsel.

      Because Petitioner was adequately advised by his counsel of a potential "career offender status" enhancement before entering his guilty plea, the Court finds that Petitioner did not receive ineffective assistance of counsel and therefore DENIES the Motion to Vacate.

      Petitioner is not entitled to relief and therefore the Court will not grant an evidentiary hearing. *United States v. McMullen*, 98 F.3d 1155, 1158 (9th Cir. 1996) ("To earn the right to a hearing, [a defendant is] required to allege specific facts, which, if true, would entitle him to relief."). Furthermore, the Court declines to issue a certificate of appealability because Petitioners have not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. §§ 2253(c)(2)-(c)(3).

## IV.   Disposition

      For the reasons listed above the Court DENIES Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody WITH PREJUDICE. Additionally, the Court DENIES to issue a Certificate of Appealability.

MINUTES FORM 11
CIVIL-GEN                                                                                                 Initials of Deputy Clerk: jcb